UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Harrison Singletary**, # 93438-071, | ) C/A No. 6:05-0671-HFF-WMC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **John J. LaManna**, Warden of FCI-Edgefield; and | ) |
| **United States of America**, | ) |
| | ) |
| Respondents. | ) |

# *Background of this Case*

The petitioner is a federal inmate at FCI-Edgefield. He is serving a sentence of two hundred sixteen (216) months imposed for an armed career criminal conviction entered in the United States District Court for the District of South Carolina in <u>United States v. James Harrison Singletary</u>, Criminal No. 4:98-240-1. The Grand Jury issued indictments on February 18, 1998. The petitioner was arraigned before the Honorable Margaret B. Seymour, (then) United States Magistrate Judge, on February 23, 1998. Jury selection was held on July 6, 1998.

The petitioner entered a plea of guilty to count one of the indictment

1

(armed career criminal count) before the Honorable Cameron McGowan Currie, United States District Judge, on July 30, 1998. Sentencing was held before Judge Currie on December 17, 1998. The petitioner was sentenced to 216 months in prison.

The petitioner, through counsel, filed a Notice of Appeal in Criminal No. 4:98-240-1 (Fourth Circuit Docket No. 98-4924). The petitioner's conviction was affirmed on direct appeal in United States v. Singletary, 187 F.3d 633, 1999 U.S.App. LEXIS® 18212, 1999 WESTLAW® 565843 (4th Cir., August 2, 1999).

While his direct appeal was pending, the petitioner filed a § 2255 petition on January 12, 1999, in James Harrison Singletary v. United States, Civil Action No. 4:99-0121-22. Judge Currie summarily dismissed that § 2255 petition as premature on January 22, 1999. No appeal was filed in Civil Action No. 4:99-0121-22.

On July 24, 2000, the petitioner brought another § 2255 action, James Harrison Singletary v. United States, Civil Action No. 4:00-2332-22. Judge Currie authorized service of the petition on the United States. After the United States filed a motion for summary judgment, the petitioner was apprised of dispositive motion procedure, as required by Roseboro v. Garrison, 528 F.2d

309, 310 (4th Cir. 1975).  On April 5, 2001, Judge Currie granted summary judgment to the United States.

The petitioner's appeal in Civil Action No. 4:00-2332-22 (Fourth Circuit Docket No. 01-6778) was not successful.  On September 5, 2001, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability.

In <u>James Harrison Singletary v. State of South Carolina</u>, Civil Action No. 9:02-1430-22BG, the petitioner brought a habeas corpus action under 28 U.S.C. § 2254 to challenge various convictions entered in the Court of General Sessions for Florence.  Those convictions were predicate convictions for the petitioner's federal armed career criminal conviction.  After the Attorney General of South Carolina filed a motion for summary judgment, the petitioner was apprised of summary judgment procedure.  In a Report and Recommendation filed in Civil Action No. 9:02-1430-22BG on February 22, 2003, the Honorable George C. Kosko, United States Magistrate Judge, recommended that summary judgment be granted to the respondents.  The petitioner filed written objections to the Report and Recommendation on March 10, 2003. Judge Currie granted summary judgment to the respondents on March 21, 2003.

The petitioner's subsequent appeal in Civil Action No. 9:02-1430-22BG (Fourth Circuit Docket No. 03-6660) was not successful. On August 21, 2003, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability.

The petitioner also filed post-judgment motions under the docket number for the closed criminal case, Criminal No. 4:98-240-1. For example, on August 7, 2003, the petitioner filed a motion to dismiss indictment. Judge Currie denied that motion in an order filed on the same day. The petitioner's appeal from Judge Currie's order (Fourth Circuit Docket No. 03-7458) was not successful. On February 6, 2004, the United States Court of Appeals for the Fourth Circuit affirmed Judge Currie's order. United States v. Singletary, 86 Fed.Appx. 623, 2004 U.S. App. LEXIS® 1864, 2004 WESTLAW® 232765 (4th Cir., February 6, 2004), *cert. denied*, Singletary v. United States, 73 U.S.L.W. 3209,160 L.Ed.2d 90, 125 S.Ct. 301, 2004 U.S. LEXIS® 6354 (U.S., October 4, 2004).

In the § 2241 petition in the case at bar, the petitioner discloses that he sought leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. The United States Court of Appeals for the Fourth Circuit denied that motion on November 19, 2001 (Fourth Circuit

4

Docket No. 01-217).

In the § 2241 petition in the case at bar, the petitioner raises one (1) ground.  The petitioner writes: "Petitioner is actually innocent of being an Armed Career Criminal Offender, because he does not have three [3] Predicate Offenses for Sentencing under the Armed Career Criminal Act (ACCA)."  The petitioner argues that his prior conviction for failure to stop for a blue light and his conviction for possession with intent to distribute marijuana are not predicate offenses.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v.

Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133, 1999 U.S.App. LEXIS® 7308 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418, 1993 U.S.App. LEXIS® 15010 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court.  *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government."  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ

7

of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* Triestman v. United States, 124 F.3d 361, 373, 1997 U.S.App. LEXIS® 22752 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  *See* In re Dorsainvil, 119 F.3d 245, 249, 1997 U.S.App. LEXIS® 18963 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, 1994 U.S.App. LEXIS® 159 (7th Cir.1994).  Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255.  *See* United States v. Morehead, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000).  In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1.  Therefore, this court must construe this motion as a

§ 2255 motion.

United States v. Morehead, supra.  *See also* United States v. Winestock, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003).

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and

> § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

United States v. Lloyd, 2005 U.S.App. LEXIS® 3429, 2005 WESTLAW® 465572 (7th Cir., March 1, 2005).

The petitioner's attention is directed to the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Sanders, 247 F.3d 139, 2001 U.S.App. LEXIS® 6258 (4th Cir. 2001), *cert. denied*, Sanders v. United States, 534 U.S. 1042, 151 L.Ed.2d 445, 122 S.Ct. 573, 2001 U.S. LEXIS® 10543 (2001); and San-Miguel v. Dove, 291 F.3d 257, 2002 U.S.App. LEXIS® 9581 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002), both of which raised claims under Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363, 2000 U.S. LEXIS® 4304 (2000). In Sanders, the Court of Appeals held that the new rule in Apprendi v. New Jersey was not applicable to cases on collateral review. In San-Miguel, the Court of Appeals upheld this court's summary

dismissal of a § 2241 action raising <u>Apprendi</u> claims.  Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254.[2]  Since the claims raised by the petitioner relate to his convictions and sentences, the petitioner's claims in the above-captioned case are not cognizable under 28 U.S.C. § 2241 under the holdings in <u>San Miguel</u> and <u>Sanders</u>.

It is possible that the petitioner may be implicitly raising <u>Blakely</u> and <u>Booker</u> issues because the findings of the predicate offenses were made by a United States District Judge.  *See* <u>Blakely v. Washington</u>, 72 U.S.L.W. 4546, 159 L.Ed.2d 403, 124 S.Ct. 2531, 2004 U.S. LEXIS® 4573 (2004); and <u>United States v. Booker</u>, 73 U.S.L.W. 4056, 160 L.Ed.2d 621 125 S.Ct. 738, 2005 U.S. LEXIS® 628 (U.S., January 12, 2005).  In <u>Booker</u>, the Supreme Court applied the <u>Blakely</u> decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Sentencing Guidelines that is greater than a sentence

---

[2] A "collateral attack" upon a state or federal conviction usually refers to an application for post-conviction relief or a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241, or a motion or action brought under 28 U.S.C. § 2255.  The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his or her trial (or guilty plea proceeding) than he or she confronts in a direct appeal.  *See* <u>Engle v. Isaac</u>, 456 U.S. 107, 134-135 (1982).

based solely upon facts found by the jury. United States v. Booker, 125 S.Ct. at 752-756. Rather than totally invalidating the Guidelines, however, the Supreme Court held that the Guidelines are no longer binding on the district courts, but are advisory only.

Even so, the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have not declared Blakely or Booker to be retroactive to cases on collateral review. Since the United States Supreme Court did not expressly hold that its decision in Booker is retroactive, the above-captioned case is controlled by In Re Vial, 115 F.3d 1192, 1194-1198, 1997 U.S.App. LEXIS® 14166 (4th Cir. 1997)(*en banc*), where the United States Court of Appeals for the Fourth Circuit ruled that a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. In Vial, the Court of Appeals ruled that a state or federal prisoner hoping to benefit from a recent United States Supreme Court decision which allegedly resulted in a change of law affecting his conviction or sentence must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. The Court in Vial declined to apply retroactively a new case raised by the petitioner in his post-conviction relief

motion because: (1) the Court of Appeals determined that the case did not create new "constitutional" law; and (2) in any event, the opinion the petitioner sought to apply in collaterally attacking his conviction had not been explicitly made retroactive to cases for post-conviction relief by the United States Supreme Court.  115 F.3d at 1196-1197.

The fact that the petitioner may be precluded from raising Blakely and Booker claims or claims relating to his armed career criminal conviction in a § 2255 petition does not render a § 2255 petition inadequate or ineffective. Phillips v. Jeter, 2005 U.S.Dist. LEXIS® 2939, 2005 WESTLAW® 465160, *1-*2 (N.D.Texas, February 25, 2005)(magistrate judge's Report and Recommendation).  *Compare* In Re Vial, supra, *with* United States v. Collins, ___ F.3d ___, Nos. 03-4848 and 03-4895, 2005 U.S.App. LEXIS® 3503, 2005 WESTLAW® 476912 (4th Cir., March 2, 2005)(direct appeal; sentences vacated and case remanded because of Blakely and Booker violations).

The petitioner's pleadings and this court records indicate that he had a prior § 2255 adjudicated on the merits by the United States District Court for the District of South Carolina (Civil Action No. 4:00-2332-22).  Slack v. McDaniel, 529 U.S. 473, 485-489, 146 L.Ed.2d 542, 120 S.Ct. 1595, 2000 U.S. LEXIS® 3000 (2000)(to qualify as "successive" petition, prior petition

must have been adjudicated on the merits). Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richland, Virginia.[3]

---

[3]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
"(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

"(B)(i) the factual predicate for the claim could not have been discovered previously through the

(continued...)

Accordingly, it is recommended that the § 2241 petition be dismissed

---

(...continued)
  exercise of due diligence; and
  "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

 "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

 "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

 "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

 "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

 "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Although the statute quoted above, facially, applies to petitions under 28 U.S.C. § 2254, the final paragraph of 28 U.S.C. § 2255 makes it applicable to actions under 28 U.S.C. § 2255.

without prejudice and without requiring the respondent to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.


Greenville, South Carolina          s/William M. Catoe
April 6, 2005                       United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

17