

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JAMES HARRISON SINGLETARY,<br>　　　　　Petitioner,<br><br>v.<br><br>JOHN J. LaMANNA, Warden of FCI-Edgefield;<br>and UNITED STATES OF AMERICA,<br><br>　　　　　Respondents. | §<br>§<br>§<br>§ CIVIL ACTION NO. 6:05-0671-HFF-WMC<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se*. This matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he recommends that Petitioner's § 2241 motion be dismissed *without prejudice*.

**II.    FACTUAL AND PROCEDURAL HISTORY**

This petition presents the latest post-conviction action attacking Petitioner's conviction and sentence of 216 months in prison which resulted from his plea of guilty to an armed career criminal count. Through counsel, Petitioner originally filed a direct appeal of his sentence. On August 2, 1999, the Fourth Circuit Court of Appeals rejected this appeal and upheld Petitioner's sentence.

During the pendency of his appeal, Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2255, which was summarily dismissed as premature by the district court on January 22, 2999.

On July 24, 2000, Petitioner filed a second 28 U.S.C. § 2255 action in which summary judgment in favor of the United States was granted by the Honorable Cameron McGowan Currie, United States District Judge, on April 5, 2001. Petitioner's subsequent appeal to the Fourth Circuit Court of Appeals was dismissed on September 5, 2001.

Next, Petitioner brought a *habeas corpus* action under 28 U.S.C. § 2254 challenging various predicate state convictions used for Petitioner's federal armed career criminal conviction. On March 21, 2003, Judge Currie granted summary judgment in favor of the respondents. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal on August 21, 2003.

Finally, in the case at bar, Petitioner acknowledges that he sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 action. The Court of Appeals denied this motion on November 19, 2001. On March 2, 2005, Petitioner filed the instant action pursuant to 28 U.S.C. § 2241.

### III.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may

recommit the matter with instruction. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his report on April 6, 2005, and Petitioner timely filed his objection to the report on April 19, 2005. The Court will review each of the objections in turn.

### IV. PETITIONER'S OBJECTIONS

Petitioner contends that § 2241 is the proper vehicle to use to challenge the legality of his conviction or sentence if "he or she can satisfy the mandates of the so-called 'savings clause[.]'" Pet'r. Obj. at 3. Petitioner maintains that "the *inadequacy or inefficacy* of the remedy (as here) will therefore permit a federal prisoner to file a writ of *habeas corpus* under provisions such as § 2241." *Id.* (emphasis added).

It is clear that § 2255 allows federal prisoners a remedy identical in scope to federal *habeas corpus* relief. *Davis v. United States*, 417 U.S. 333, 343 (1974). In fact, the "sole purpose [of § 2255] was to minimize the difficulties encountered in *habeas corpus* hearings by affording the same rights in another and more convenient forum." *Id.* at 344 (quoting *U.S. v. Hayman*, 342 U.S. 205, 219 (1952) (internal quotations omitted). Nevertheless, petitioners are barred from filing a § 2241 action unless they fall within the savings clause of § 2255. *San-Miquel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). This clause provides that "when § 2255 proves 'inadequate or ineffective to test the legality of detention,' a federal prisoner may seek a writ of *habeas corpus* pursuant to § 2241." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C.A. § 2255). However, § 2255 is neither deemed inadequate nor ineffective because an petitioner is unable to obtain relief under the provision, or is procedurally barred from filing a § 2255 action. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). Rather, § 2255 is inadequate and ineffective to examine a conviction's legality

3

when: (1) settled law of this circuit or the Supreme Court established the legality of the conviction at the time of the conviction; (2) the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal after the prisoner's direct appeal and first § 2255 motion; *and* (3) the gatekeeping provisions of § 2255 cannot be satisfied by the prisoner because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. Furthermore, courts have concluded that a denial of permission to file a successive § 2255 is insufficient to render § 2255 relief inadequate or ineffective. *U.S. v. Lurie*, 297 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Thus, Petitioner's proper venue for recourse is the Fourth Circuit Court of Appeals, which can grant permission to file a successive § 2255 motion.

Petitioner next contends the Magistrate Judge could have, *sua sponte*, viewed his § 2241 motion as a 28 U.S.C. § 1651 motion. In support of this assertion, Petitioner relies on *United States v. Morgan*, 346 U.S. 502 (1954). Pet'r. Obj. at 9. Petitioner cites *Morgan* as stating, "[w]e hold, that the district court has power to grant such a motion . . . otherwise, [a] wrong may stand uncorrected (as here), in which this remedy will right . . ." Pet'r. Obj. at 10 (citing *Morgan*, 346 U.S. at 512). Petitioner continues, "the Magistrate Judge, undeniably, possessed authority to hear, entertain, and grant Petitioner's § 2241 or *sua sponte*, construe it for the appropriate relief on the merits." Pet'r. Obj. at 11.

In *Morgan*, the Supreme Court held that federal courts, under the All-Writs Act, 28 U.S.C. § 1651(a), have the power to grant a writ of error *coram nobis* to vacate a conviction after a sentence has been served. *See U.S. v. Mandel*, 862 F.2d 1067, 1074-75 (4th Cir. 1988). *Morgan, however,* concluded that the extraordinary remedy should issue, "only under circumstances compelling such

4

action to achieve justice." *Id.* at 1075 (quoting *Morgan*, 346 U.S. at 511). Thus, "an error 'of the most fundamental character' must have occurred to warrant issuing a writ, *and* no other remedy may be available." *Id.* (emphasis added). Furthermore, the Supreme Court in *Carlisle v. United States*, 517 U.S. 416, 429 held that '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)).

Here, Petitioner has a remedy available, namely a successive § 2255 petition; however, permission from the Fourth Circuit must be procured before he can file it, as required by 28 U.S.C. § 2244. The petitioner cannot bypass § 2244 by filing under 28 U.S.C. § 1651.[1]

### V.     CONCLUSION

After a review of the report and the record pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Magistrate's report and recommendations to the extent that it does not contradict this order, and incorporates the report herein. Accordingly, it is the judgment of this Court that Petitioner's § 2241 petition be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

---

[1] The Court has reviewed Petitioner's remaining objections, finds them to be without merit, and overrules them.

**NOTICE OF RIGHT TO APPEAL**

      Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.